UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| RICKY RICARDO HALL | ) | |
|---|---|---|
| a.k.a. RICKY RECARDO HALL | ) | |
| v. | ) | 1:07-cv-259/1:97-cr-33 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Ricky Ricardo Hall ("Hall") has filed a *pro se* motion for post-conviction relief (from his 1998 conviction) pursuant to 28 U.S.C. § 2255 contending he is entitled to equitable tolling because he was placed in segregation for 18 months before being in permanent lock-down until August of 2005 (Court File # 104). Hall was convicted, following a jury trial, of four counts of armed robbery in violation of 18 U.S.C. § 2113(a) and (d). Hall claims he was denied effective assistance of counsel in violation of the Sixth Amendment.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Hall was sentenced to a term of imprisonment for 305 months on April 10, 1998. Hall's judgment was entered on April 20, 1998. Hall pursued a direct appeal. The United States Court of Appeals for the Sixth Circuit affirmed his judgment on April 30, 1999. Hall did not pursue direct review through to a petition for certiorari in the Supreme Court of the United States. "For purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, *quoting Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct

review concludes when the Supreme Court either denies the petition for certiorari or decides the case. When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). A petition for a writ of certiorari to review a judgment is timely when it is filed within 90 days after entry of the judgment. Rule 13 Supreme Court Rules. Rule 13 specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

The Sixth Circuit's disposition of Hall's case was filed on April 30, 1999. Therefore, Hall's ninety days expired on July 29, 1999, and his judgment became final. The one-year statute of limitations for filing a § 2255 motion began on July 30, 1999, and expired July 28, 2000.

Hall had one year from the time his judgment of conviction became final to file his § 2255 motion. Hall's § 2255 motion indicates it was delivered to prison authorities on October 17, 2007. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. Therefore, Hall's motion is treated as filed on October 17, 2007.

Hall's judgment of conviction became final on July 29, 1999, when the time expired for him to seek Supreme Court review. Consequently, using the date of July 30, 1999, as the starting point for determining when Hall's judgment became final and the statute of limitations began to run, Hall's motion is untimely. The one year statute of limitations under § 2255 expired on July 28, 2000. Since Hall's § 2255 motion was filed on October 17, 2007, it is untimely.

2

Hall asserts the Court should toll the statute of limitations and find his § 2255 motion timely filed. The Sixth Circuit has ruled that the doctrine of equitable tolling may be invoked to toll the one-year limitation period applicable to § 2255 motions and habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (approving test for equitable tolling set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)). In deciding whether to apply equitable tolling the Court is to consider five factors: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews v. Orr*, 851 F.2d at 151. The Court will look beyond any presumed absence of prejudice to the government as the Supreme Court has advised, in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984), that "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine . . ."

Hall does not claim lack of knowledge or notice of the filing requirement nor does he explain why it took him more than two years after being released from lock-down to file his motion, other than to say it took him a great deal of time to research his issues. Therefore, the Court is limited to examining Hall's diligence in pursuing his rights. Hall contends the statute of limitations should be tolled because he was placed in segregation while his direct appeal was pending and remained in segregation for eighteen months. Hall claims he was then transferred to a prison where he was in permanent lock-down until August 2005. Additionally, Hall contends trial counsel advised he

3

lacked any issues to file a § 2255 motion.[1] Even if the Court generously assumes the statute should be tolled until August 2005, when Hall was released from lock-down, the statute would have begun to run on or about September 1, 2005, and expired on or about September 1, 2006. Hall's lack of diligence in pursuing his § 2255 motion after he was released from lock-down in August of 2005, prevents this Court from invoking equitable tolling, as there is no evidence that Hall's failure to file a § 2255 motion within one year from the time he was released from lock-down should be excused. *See Brown v. Shannon*, 322 F.3d 768, 775 (3rd Cir. 2003)

Hall has not sustained his burden of demonstrating his situation presents circumstances requiring this Court to equitably toll the AEDPA's one year period of limitation. Hall did not pursue his rights diligently and is not entitled to equitable tolling. The time for filing a § 2255 motion in his case was no later than July 28, 2000, which is one year from the date Hall's judgment of conviction became final. 28 U.S.C. § 2255. Since Hall's § 2255 motion was filed on October 17, 2007, almost seven years after the expiration of the § 2255 one-year statute of limitations and he was not diligent in pursuing his rights, he has failed to demonstrate his case presents circumstances appropriate for applying the doctrine of equitable tolling. Accordingly, Hall's § 2255 motion is time-barred and will be **DENIED**.

An appropriate judgment will enter.

---

[1] Prison lockdowns do not normally warrant equitable equitable tolling of AEDPA's one-year statute of limitations. *See United States v. Shabazz*, 2006 WL 2854301 (E.D. Pa. Oct. 4, 2006). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). Additionally, a petitioner's reliance on the unreasonable and incorrect advice of his attorney is not a ground for equitable tolling. *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003).

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**